# COURT OF APPEALS
# DECISION
# DATED AND FILED

## January 7, 2025

Samuel A. Christensen
Clerk of Court of Appeals

# NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2020AP1120**
**2020AP1121**

Cir. Ct. Nos. **2020TR68**
**2020TR69**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

**2020AP1120**

CITY OF RHINELANDER,

    PLAINTIFF-RESPONDENT,

  V.

ZACHARY TYLER LAFAVE-LACROSSE,

    DEFENDANT-APPELLANT.

---

**2020AP1121**

IN THE MATTER OF THE REFUSAL OF ZACHARY TYLER LAFAVE-LACROSSE:

CITY OF RHINELANDER,

    PLAINTIFF-RESPONDENT,

  V.

**ZACHARY TYLER LAFAVE-LACROSSE,**

**DEFENDANT-APPELLANT.**

---

APPEALS from judgments of the circuit court for Oneida County: MICHAEL H. BLOOM, Judge. *Affirmed.*

¶1 STARK, P.J.[1] In these consolidated cases, Zachary Tyler LaFave-LaCrosse (hereinafter, LaCrosse[2]), pro se, appeals from circuit court judgments, entered after a bench trial, convicting him of first-offense operating a motor vehicle while intoxicated (OWI) and refusing to submit to a chemical test for intoxication.[3] LaCrosse argues, first, that he did not "operate" the vehicle because his mother was driving, and, therefore, the City of Rhinelander failed to prove that element of the OWI offense. Then, LaCrosse argues that because he did not operate the vehicle, he reasonably refused to consent to a chemical test of

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Pursuant to WIS. STAT. RULE 809.10(3), these cases have been consolidated for briefing and disposition by an order of this court dated August 13, 2020.

[2] The defendant told the circuit court to address him as "LaCrosse," so we will do so as well.

[3] On July 9, 2020, LaCrosse filed a motion for a three-judge panel in appeal No. 2020AP1121, which this court held in abeyance pending the completion of briefing. Based on our review of the parties' briefs and the record, we conclude that a three-judge panel is not necessary. Therefore, the motion is denied.

These appeals were also on hold pending the outcome of separate appeals addressing the circuit court's orders denying LaCrosse's motion to waive the trial transcript fees in the current appeals due to his indigency. *See City of Rhinelander v. LaFave-LaCrosse*, Nos. 2020AP1466 and 2020AP1467, unpublished slip op. (WI App Apr. 5, 2022).

his breath. For the reasons that follow, we reject all of LaCrosse's arguments and affirm.

## BACKGROUND

¶2 The following facts are all taken from the testimony presented at the March 13, 2020 bench trial. On January 18, 2020, Rhinelander Police Officer Claire Decker encountered a vehicle in a snowbank at 2:35 a.m. One individual, later identified as LaCrosse, was present with the vehicle. Decker testified that LaCrosse was initially "in the vehicle" but that he "got out of the vehicle when [she] had pulled up." Decker stated that when she made contact with LaCrosse, she "smelled intoxicants on his breath" and noted that LaCrosse had "slow and slurred speech." According to Decker, LaCrosse admitted that he was coming from the Jailhouse Bar and "had a couple drinks at the bar." Decker then asked LaCrosse to perform field sobriety tests, and he agreed.

¶3 Decker administered three field sobriety tests to LaCrosse: the horizontal gaze nystagmus test, the walk-and-turn test, and the one-legged-stand test. Decker testified that she was certified to administer field sobriety tests, and based on her training, those tests all revealed multiple clues of intoxication. Decker testified that she then requested that LaCrosse submit to a preliminary breath test (PBT), which he refused. Nevertheless, based on her training and experience, Decker determined that LaCrosse was intoxicated. Decker placed LaCrosse under arrest and transported him to the Oneida County Jail. At the jail, Decker read LaCrosse the Informing the Accused form. *See* WIS. STAT. § 343.305(4). She then requested "a chemical test of his breath," which he refused.

3

¶4     LaCrosse, for his part, testified that although he was present with the vehicle when Decker arrived on the scene, he "was not inside [the] vehicle when the officer showed up" and was not the driver. After first indicating a desire not to state who the driver was, he testified that the driver was his mother, whom he had been with at the Jailhouse Bar. LaCrosse stated that when Decker arrived on the scene, his mother was walking back to her house—which was one and one-half miles away—"to get her boyfriend and his car to pull the car out of the ditch." According to LaCrosse, his mother just recently had a baby, and her boyfriend would not leave the ten-month-old child, which is why she had to walk to the house. LaCrosse testified that at no time did he ever advise Decker that his mother had been driving. When asked why his mother was not in court to testify that she was the one driving, LaCrosse stated, "She's at home watching the baby." He also admitted that his mother never contacted law enforcement to tell them she was the one driving.

¶5     Further, LaCrosse conceded that Decker read him the Informing the Accused form and that he refused to submit to the chemical breath test. At first, he explained that he refused because "I knew I had a couple drinks," but then he testified, "I'm from Arizona where we have the right to refuse a [b]reathalyzer test. I did not know until after the fact that Wisconsin was an implied consent state." LaCrosse also testified that he "did indicate [to Decker] before the field sobriety test that [he] had received a concussion on January the 1st so [his] balance w[ould] be impaired."

¶6     At the close of evidence, the circuit court found that most of the above facts were not in dispute. As to the issue of whether LaCrosse was the one driving the vehicle that evening, the court observed that it had to "make what's

called a credibility determination, and this one's easy." According to the court, "[i]t strains reason that an individual confronted with an OWI arrest would not declare: I didn't drive the vehicle." In essence, the court found LaCrosse's testimony incredible in multiple respects and noted that "it's to Mr. [LaCrosse's] credit that he didn't bring his mother here to commit perjury." The court, therefore, found LaCrosse guilty of OWI.

¶7 The circuit court then addressed the citation for refusing to submit to a chemical test under WIS. STAT. § 343.305(9)(a)5. The court first found that Decker's testimony "thoroughly" established that LaCrosse had been lawfully placed under arrest after a finding of probable cause. The court further found that Decker properly read the Informing the Accused form to LaCrosse in compliance with the statutory requirements—which LaCrosse does not dispute—and that LaCrosse refused the test.

¶8 On April 2, 2020, LaCrosse filed a motion to reconsider the OWI citation and a motion to reconsider, or in the alternative for a new trial, in the refusal case. LaCrosse argued that the City had not met its burden to prove that he was "operating" the motor vehicle, as that term is defined in the statutes, and that there was no physical evidence that he was operating the vehicle. LaCrosse also argued that the field sobriety tests were conducted under unfavorable conditions, such that the tests should not have provided probable cause. In the refusal case, LaCrosse's motion alleged that the fact of *when* he was read the Informing the Accused form—i.e., after he refused the PBT and after he was arrested—was newly discovered evidence and that Decker failed to comply with WIS. STAT. § 343.305(4).

¶9    At a nonevidentiary motion hearing, the circuit court affirmed its prior rulings. The court reiterated the trial testimony on the record and explained that "there is certainly a reasonable inference that [LaCrosse] drove the vehicle from the Jailhouse Bar." The court continued, "Despite the fact that the officer didn't see him driving or didn't even necessarily see him in the vehicle, under those circumstances it is certainly" reasonable to believe that LaCrosse operated the vehicle. The court, therefore, denied LaCrosse's motions for reconsideration. LaCrosse appeals.

## DISCUSSION

¶10    LaCrosse challenges both citations on the basis that the evidence was insufficient to support his convictions. On appeal, we will not set aside the circuit court's findings unless they are clearly erroneous. WIS. STAT. § 805.17(2). Further, "when the [circuit court] acts as the finder of fact, and where there is conflicting testimony, the [circuit court] is the ultimate arbiter of the credibility of the witnesses." *Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 250, 274 N.W.2d 647 (1979). "When more than one reasonable inference can be drawn from the credible evidence, the reviewing court must accept the inference drawn by the trier of fact." *Id.* Whether the evidence was sufficient to sustain a conviction presents a question of law for our independent review. *State v. Booker*, 2006 WI 79, ¶12, 292 Wis. 2d 43, 717 N.W.2d 676.

¶11    To sustain a conviction for a civil offense under WIS. STAT. § 346.63(1)(a), "clear, satisfactory[,] and convincing" evidence must be presented that (1) the person drove or operated a motor vehicle on a highway while (2) under the influence of an intoxicant which impaired his or her ability to operate the vehicle. WIS. STAT. §§ 345.45, 346.63(1)(a); WIS JI—CRIMINAL 2663(A) (2006).

6

LaCrosse argues that the City failed to meet its burden to prove "the fact of operation." According to LaCrosse, "[n]o physical evidence was submitted that the defendant was 'operating' the vehicle" pursuant to the definition of "operate," meaning "the physical manipulation or activation of any of the controls of a motor vehicle necessary to put it in motion." *See* § 346.63(3)(b).

¶12 We conclude that the City met its burden to prove that LaCrosse drove or operated the vehicle. The evidence in support of the circuit court's conclusion that LaCrosse operated the vehicle is as follows: the vehicle was discovered on a road in a snowbank; LaCrosse said he had come from the Jailhouse Bar and had two drinks; LaCrosse was the only person on the scene with the vehicle; LaCrosse answered Decker's questions about where he was coming from, submitted to field sobriety tests, and was arrested for OWI without ever stating that he was *not* the driver of the vehicle; LaCrosse's mother never came forward to assert that *she* was the driver of the vehicle; and his mother did not testify at trial.

¶13 Generally speaking, the City's case was strong, albeit circumstantial. "It is well established that a finding of guilt may rest upon evidence that is entirely circumstantial …." **State v. Poellinger**, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). As a reviewing court, we "must accept and follow the inference drawn by the trier of fact unless the evidence on which that inference is based is incredible as a matter of law." **Id.** at 507. Essentially, LaCrosse asks us to reweigh the evidence and reassess witness credibility. Under our standard of review, we will not do so. The circuit court was entitled to infer, based on the above evidence,

that LaCrosse had driven the vehicle from the Jailhouse Bar to the point that it ended up in the snowbank.[4]  This inference is not incredible as a matter of law.

¶14    LaCrosse's arguments on this point appear to be based on his mistaken belief regarding what evidence is sufficient to prove a fact.  LaCrosse contends that there is a lack of "evidence, direct or circumstantial, that [he] touched any controls of the vehicle," and then he claims in his reply that "[t]he [circuit] court relied on the 'preponderance of controversial testimony, falters to ignorance of the law and justifies with [sic] circumstantial evidence.'"  The court was entitled to rely upon the testimony of both Decker and LaCrosse and to determine what testimony it found credible.  Testimony *is* evidence.  Further, "circumstantial evidence is oftentimes stronger and more satisfactory than direct evidence." *Poellinger*, 153 Wis. 2d at 501; *see also* *State v. Bohannon*, 2013 WI App 87, ¶30, 349 Wis. 2d 368, 835 N.W.2d 262 ("[A] conviction may be based in whole or in part upon circumstantial evidence." (citation omitted)).  The court did not find LaCrosse's testimony that he was not driving the vehicle that evening to be credible.  That finding was not clearly erroneous.

¶15    LaCrosse next takes issue with the field sobriety tests that Decker conducted, arguing that there was no probable cause to arrest him for OWI.  He identifies the "blizzard conditions" and the fact that he had allegedly received a

---

[4] LaCrosse cites *Village of Cross Plains v. Haanstad*, 2006 WI 16, 288 Wis. 2d 573, 709 N.W.2d 447, in support of his position that he never physically manipulated or activated the controls necessary to put the vehicle in motion.  In that case, "Haanstad was merely sitting in the driver's seat of a parked vehicle," "the uncontested evidence show[ed] that Haanstad was not the person who left the engine running," and there was "no circumstantial evidence that Haanstad 'recently' operated the vehicle." *Id.*, ¶23 (citation omitted).  *Haanstad* is factually dissimilar from this case in a material way, namely that there *was* circumstantial evidence that LaCrosse had recently driven the vehicle between two locations.

concussion days earlier that impacted his balance in support of his position. According to LaCrosse, "[t]he procedures [Decker] employed in determining probable cause for intoxication should not have been admissible under such circumstances."

¶16  First, as to the "blizzard conditions" on the road, we conclude that LaCrosse consented to conducting the field sobriety tests under those conditions. Decker testified that she had "concerns about the snow conditions" and that she asked LaCrosse "if he was willing to walk on the snow-covered road or if he would like to go back to the police department and take the test." According to Decker, LaCrosse stated that "he was okay walking on the road." LaCrosse chose to proceed with the field sobriety tests knowing that the snowy conditions were present, and he was offered the opportunity to do them elsewhere but refused. He cannot now complain about his decision. *Cf. State v. Gary M.B.*, 2004 WI 33, ¶11, 270 Wis. 2d 62, 676 N.W.2d 475 ("[A] defendant cannot create his [or her] own error by deliberate choice of strategy and then ask to receive benefit from that error on appeal." (citation omitted)).

¶17  Further, we conclude that LaCrosse's argument regarding the "blizzard conditions" is entirely undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we need not address undeveloped arguments). LaCrosse fails to present any evidence that the conditions actually affected his ability to complete the field sobriety tests.

¶18  Next, in terms of LaCrosse's alleged concussion, we again conclude that this argument is undeveloped. *See id.* LaCrosse does not identify any evidence presented before the circuit court demonstrating that his alleged concussion affected his ability to perform the field sobriety tests. As the City

notes, LaCrosse did "not give any description of the type of impairment he was experiencing or how it affected his performance on the tests," noting only "that his 'balance will be impaired.'" We therefore cannot conclude that LaCrosse's alleged concussion impacted his performance on the field sobriety tests.

¶19 Finally, LaCrosse argues that the circuit court "also acknowledge[d] that field sobriety tests are inconclusive evidence." While the court observed limitations with the testing, it nevertheless found that "the sum total of the evidence is sufficient to establish in the [c]ourt's judgment that [LaCrosse] was intoxicated." The sum total of the evidence included the following: the vehicle was found in a snowbank at 2:35 a.m.; LaCrosse admitted that he had previously been at the Jailhouse Bar and that he had two drinks; Decker noted an odor of alcohol and that LaCrosse's speech was slow and slurred; the field sobriety tests demonstrated clues of intoxication; and LaCrosse refused to submit to a PBT, which the court construed to be an admission that he was intoxicated. The court's findings are all supported by the record and are not clearly erroneous.

¶20 LaCrosse's final challenge is to his citation for refusing to submit to a chemical test of his breath. Under Wisconsin's implied consent law, when a law enforcement officer *arrests* an individual for an OWI-related offense, the officer may "request the person to provide one or more samples of his or her breath, blood or urine, for the purpose" of chemical testing. WIS. STAT. § 343.305(2), (3)(a). If the individual refuses, the officer "shall immediately prepare a notice of intent to revoke … the person's operating privilege," § 343.305(9)(a), which informs the individual that he or she may request a refusal hearing, § 343.305(9)(a)4. The issues at the refusal hearing are limited by statute, however, to whether the officer had probable cause to believe the person was driving or operating a motor vehicle

while under the influence of an intoxicant, whether the officer properly read the Informing the Accused form, and whether the person refused to permit the test. Sec. 343.305(9)(a)5.; *see also* § 343.305(9)(c).

¶21 LaCrosse's arguments on appeal regarding the lack of sufficient evidence to find him guilty of the refusal are difficult to discern, but it appears that he is making the following arguments: (1) he did not understand the implied consent law in Wisconsin because he is from Arizona; and (2) Decker did not read him the Informing the Accused form until after he refused the PBT request.[5] LaCrosse's arguments are without merit.

¶22 As relevant to LaCrosse's first argument, the circuit court found that Decker properly read LaCrosse the Informing the Accused form, and LaCrosse does not dispute that it was read to him correctly. The information contained in the form is meant to *inform* the accused of the law in Wisconsin and the consequences of refusing the test. For example, WIS. STAT. § 343.305(4) specifically states that "[i]f you refuse to take any test that this agency requests, your operating privilege will be revoked and you will be subject to other penalties. The test results or the fact that you refused testing can be used against you in court." Given that LaCrosse admits that Decker correctly read the Informing the Accused form to him, which contained an explanation of the law, he cannot now claim that he was ignorant of the law in Wisconsin.

---

[5] The City also suggests that LaCrosse again raises the issue that he was not driving. To the extent that LaCrosse did intend to raise that issue on appeal as a basis to challenge his refusal conviction, we have already concluded that the circuit court properly found that LaCrosse was operating the vehicle that evening. *See supra* ¶¶12-14.

¶23    LaCrosse's second challenge is to the timeliness of Decker reading him the Informing the Accused form. As the City acknowledges, it appears that LaCrosse's objection is based on his mistaken belief that the Informing the Accused form should have been read to him before Decker's request for a PBT. LaCrosse fails to offer any legal authority in support of his belief.[6] *See Pettit*, 171 Wis. 2d at 646. Instead, LaCrosse was properly read the Informing the Accused form after he was arrested. *See* WIS. STAT. § 343.305(3)(a). It is undisputed that after Decker read him the form, he refused a chemical test of his breath. The evidence presented at trial demonstrates that the requirements of § 343.305(9)(a) were met and that LaCrosse did refuse a requested chemical test of his breath under Wisconsin law.

*By the Court.*—Judgments affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] LaCrosse cites WIS. STAT. § 343.305(2) and (4) and emphasizes the word "request" and "requested" in those subsections. However, the law enforcement officer's "request" in those subsections is based on the situations described in § 343.305(3)(a)-(ar), and LaCrosse fails to explain how the officer here violated the statute relevant to any of those paragraphs.

LaCrosse also cites *State v. Wilke*, 152 Wis. 2d 243, 448 N.W.2d 13 (Ct. App. 1989), in support of his position. In that case, a law enforcement officer failed to give the defendant one component of the statutorily required information relating to penalties. *Id.* at 248. *Wilke* is unlike this case, where it is undisputed that Decker properly complied with the requirements under the statute.